IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. SHAW, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VILLAGE OF RIVERDALE, UNKNOWN ) <br> RIVERDALE POLICE OFFICERS, VILLAGE OF ) <br> DOLTON, OFFICER CARR(FNU), and ) <br> UNKNOWN DOLTON POLICE OFFICERS, ) <br> ) <br> Defendants. ) | Case No. <br><br> Judge <br><br> FILED: JUNE 19, 2008 <br> 08CV3529 <br> JUDGE GETTLEMAN <br> MAGISTRATE JUDGE BROWN <br> JURY TRIAL DEMANDED <br><br> TC |

## COMPLAINT

NOW COMES Plaintiff, MICHAEL A. SHAW, by his attorney, KURT H. FEUER, and complaining of Defendants, the VILLAGE OF RIVERDALE, UNKNOWN RIVERDALE POLICE OFFICERS, VILLAGE OF DOLTON, OFFICER CARR (FNU), and UNKNOWN DOLTON POLICE OFFICERS, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, as a result of egregious police misconduct and abuse more fully described below, Plaintiff was beaten and suffered physical and other injuries.

## Jurisdiction and Venue

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331.

4. Venue is proper under 28 U.S.C. Section 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

## The Parties

5. Plaintiff, Michael A. Shaw, was at all relevant times a citizen of the United States and a resident of Cook County, Illinois. Plaintiff is 18 years old and is employed by True Value Hardware, 11813 South Michigan Avenue in Chicago.

6. Defendant Village of Riverdale is an Illinois municipal corporation, and is and/or was the employer of certain of the Defendant Officers. The Village of Riverdale is responsible for the acts of the Defendant Riverdale Officers while employed by the Village of Riverdale and while acting within the scope of their employment.

7. Defendant Village of Dolton is an Illinois municipal corporation, and is and/or was the employer of certain of the Defendant Officers. The Village of Dolton is responsible for the acts of the Defendant Dolton Officers while employed by the Village of Dolton and while acting within the scope of their employment.

8. The individual Defendants are Riverdale and Dolton Police Officers whose names are presently unknown to Plaintiff. One of the Riverdale officers is a white male who had a crew cut and wore glasses. One of the Dolton officers is a dark-skinned male who wore a goatee, and who Plaintiff believes is named Officer Carr.

**Background**

9. On or about January 20, 2008, Plaintiff lived 13818 Kanawha in Dolton, Illinois. The residence is a single family home where Plaintiff lived with his mother and an individual named Julian Livsey.

10. On or about January 20, 2008, Mr. Livsey was hosting a birthday party for a friend. Plaintiff and Mr. Livsey are both under 21 years of age. There was no alcohol or drugs present at the party.

11. At approximately 1:00 a.m. Plaintiff heard a siren that sounded like it was approaching his house. He went out onto the front porch and saw a Dolton police squad car slowing passing by. The two officers in the squad car looked directly at Plaintiff, but drove past.

12. At approximately 2:30 to 3:00 a.m. Plaintiff was downstairs in his bedroom when he heard a banging on the door. He looked out of a window and saw a police officer running with his gun drawn.

13. Police officers were banging on the front door and yelling to open it up. Mr. Livsey went to the door but did not open it and asked to see the warrant, whereupon the police said they did not need a warrant and broke in the front door, slammed Mr. Livsey face first into a wall, and began to beat him.

14. Plaintiff had started climbing the back stairs to the first floor, but before he got to the top the door swung open and he was confronted by a Riverdale police officer who struck him over the left eye with his flashlight. This blow opened a gash on Plaintiff's face that began gushing blood, and Plaintiff staggered backwards and fell.

15. This Riverdale police officer is a white male with a crew cut and wore glasses.

16. When Plaintiff recovered somewhat from the blow he did not see the officer and continued up the stairs. He could hear Mr. Livsey screaming at the front of the house.

17. When Plaintiff got up the stairs and into the back of the first floor he was confronted by a Dolton police officer who attempted to strike Plaintiff in the head with what appeared to be a closet hanging rod or dowel rod. Plaintiff was able to raise his arm in time to block the blow, but was struck in the arm with sufficient force to knock him to the floor.

18. Once on the floor multiple officers kicked and stomped Plaintiff in his ribs, back and legs. At least one party

guest was in the room and was hollering at the officers to stop beating Plaintiff and stating that Plaintiff was not fighting back.

19. The Dolton officer who struck Plaintiff with the closet rod and continued to beat Plaintiff after he fell to the floor is a dark-skinned male with a goatee who Plaintiff believes is named Officer Carr.

20. While he was being beaten Plaintiff could hear Livsey screaming and caught sight of Livsey being beaten by other officers toward the front of the house.

21. The Dolton officer who Plaintiff believes is named Carr then took Plaintiff through the front of the house to an ambulance that was in the street in front of Plaintiff's house. On the way out Plaintiff heard an officer say "You want to have a party, have fun and don't invite the police," or words to that effect.

22. Upon arriving at the ambulance the Dolton officer believed to be named Carr falsely told the paramedics that Plaintiff was trying to escape and was injured jumping out of a window. One of the paramedics responded that Plaintiff looked like he had been beaten instead.

23. The police refused to let Mr. Livsey leave the house or go to the ambulance.

24. The paramedics took Plaintiff to St. Margaret's hospital in Hammond, Indiana, where he was treated for his injuries. The cut over Plaintiff's left eye required four stitches to close. Plaintiff's ribs and elbows were x-rayed and he was administered a CT scan to his head. The x-rays did not reveal any broken bones. Plaintiff was also given painkillers. He was released from the hospital later that morning and arrived home at approximately 7:00 a.m. after being picked up by Mr. Livsey and another friend.

25. Later that day Plaintiff went to the Dolton police station to file a complaint. Officers there told him that he could not make a complaint there and refused to take a complaint from him.

26. Neither Plaintiff nor anyone else at the party was arrested or ever charged with any crime.

### Count I -- 42 U.S.C. Section 1983
### Excessive Force

27. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

28. As described above, the Defendant Officers intentionally and without any cause struck Plaintiff with a flashlight and a wooden rod, and kicked him in the ribs, back and legs.

29. As a result of said Defendants' unjustified and excessive use of force, Plaintiff suffered physical injury, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages, including medical bills amounting to several thousand dollars.

30. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

31. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employers, the VILLAGE OF RIVERDALE and the VILLAGE OF DOLTON, are liable for their actions.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant Officers, the VILLAGE OF RIVERDALE, and the VILLAGE OF DOLTON, to enter a judgment for punitive damages against the Defendant Officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### Count II -- Section 1983
### Fourth Amendment
### (Unlawful Search)

32. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

33. As described more fully above, the Defendant Officers, acting under color of law and within the scope of their employment as Riverdale Police officers and Dolton Police officers, improperly and unreasonably exceeded the scope of their lawful authority in conducting an unlawful and unreasonable entry into Plaintiff's residence, thereby violating the United States Constitution.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

35. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including, but not limited to, physical injury, property damage, and mental distress and anguish.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant Officers, the VILLAGE OF RIVERDALE, and the VILLAGE OF DOLTON, to enter a judgment for punitive damages against the Defendant Officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### Count II -- State Law
### Illinois Constitution
### (Unlawful Search)

36. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

37. As described more fully above, the Defendant Officers, acting under color of law and within the scope of their employment as Riverdale Police officers and Dolton Police officers, improperly exceeded the scope of their lawful authority in conducting an unlawful and unreasonable entry of Plaintiff's residence, thereby violating Illinois law and the Illinois Constitution.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

39. As a proximate result of this misconduct, Plaintiff suffered damages, including, but not limited to, physical injury, property damage, mental distress and anguish.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant Officers, the VILLAGE OF RIVERDALE, and the VILLAGE OF DOLTON, to enter a judgment for punitive damages against the Defendant Officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT III -- State Law Claim
### Respondeat Superior

40. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

41. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, either the Riverdale Police Department or the Dolton Police Department and were acting at all relevant times within the scope of their employment.

42. Defendants Villages of Riverdale and Dolton are liable as principal for all torts committed by their agents.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the VILLAGE OF RIVERDALE and the VILLAGE OF DOLTON, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT IV -- State Law Claim
### Indemnification

43. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

44. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

45. The Defendant Officers are or were employees of either the Riverdale Police Department or the Dolton Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the VILLAGE OF RIVERDALE and the VILLAGE OF DOLTON, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff, MICHAEL A SHAW, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:

*/s/ Kurt H. Feuer*

Kurt H. Feuer
Attorney at Law
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900